## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WENZHUO ZHANG,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | **NO. 26-3158** |
| **v.** | : | |
| | : | |
| **J.L. JAMISON, Warden, Federal** | : | |
| **Detention Center, Philadelphia, *et al.*,** | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this 14th day of May 2026, upon consideration of Petitioner Wenzhou

Zhang's, ("Petitioner"), *petition for habeas corpus*, (the "Petition"), (ECF 1), and Respondents'

(the "Government"),[1] answer in opposition, (ECF 5), it is hereby **ORDERED** that, for the reasons

set forth in the footnote, the Petition *for habeas corpus* is **GRANTED**,[2] as follows:

---

[1]      Petitioner has named several Respondents, *to wit*: J.L. Jamison, Warden of the Federal Detention Center, ("FDC"), Philadelphia; John E. Rife, Acting Field Officer Director, Office of Immigration and Custom Enforcement, ("ICE"); Markwayne Mullin, Secretary, Department of Homeland Security, ("DHS"); Todd Blanche, U.S. Attorney General; DHS; and the Executive Office of Immigration Review. (ECF 1).

[2]      Petitioner, a native and citizen of the Peoples Republic of China, entered the United States on or about October 13, 2023. (ECF 1 at ¶ 1); (ECF 5-1, Petitioner's Form I-213). Upon being detained on the U.S.-Mexico border at Tecate, California, the United States Border Patrol served Petitioner with: a Notice to Appear; a Form I-862 charging him under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, ("INA"); DHS Forms I-220A; and a list of free legal services. (ECF 5-1 at p. 3). Due to a shortage of beds, Petitioner was released into the United States on his own recognizance. (*Id.*). On April 24, 2024, Petitioner filed an application for asylum, which is still pending. (*Id.*). During his time in the U.S., Petitioner obtained a Pennsylvania driver's license and a U.S. Employment Authorization card. (*Id.* at p. 4). Petitioner has no criminal history. (*Id.*).

On May 7, 2026, while attending a scheduled check-in appointment at the ICE Enforcement and Removal Operations Philadelphia Field Office, Petitioner was served a Form I-200 arrest warrant and detained by ICE. (ECF 1 at ¶ 2); (ECF 5-1 at p. 3). Petitioner remains detained at the FDC. (ECF 1 at ¶ 2).

By way of the underlying Petition, Petitioner seeks *habeas* relief in the form of immediate release from detention or, alternatively, a bond hearing pursuant to 8 U.S.C. § 1226. (ECF 1). Petitioner argues that his detention violates the INA, the Administrative Procedure Act, ("APA"), and his rights under the Fifth Amendment Due Process Clause of the United States Constitution. (*Id.* at ¶¶ 61). In its response, the

Government argues that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2) and that his detention comports with constitutional due process. (*See* ECF 5).

Petitioner argues that his detention violates the plain language of the INA because Section 1225(b)(2) does not apply to individuals like himself, who previously entered and are residing in the United States. (ECF 1 at ¶ 42). In its response, the Government argues that, because Petitioner is present in this country and has not been admitted, he is an "applicant for admission" who is also "seeking admission" such that he is lawfully being detained pursuant to 8 U.S.C. § 1225(b)(2). (ECF 5 at pp. 5-9).

As to the Government's position that Section 1225(b)(2) justifies Petitioner's detention, this Court herein incorporates by reference its many rulings on this issue and again finds that DHS is not authorized to detain Petitioner pursuant to 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Kumar v. McShane*, Civil Action No. 25-6238, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, No.25-7420, 2026 WL 94615, at *4-6 (E.D. Pa. Jan. 13, 2026). The Court further finds that DHS' authority to detain Petitioner lies, at best, with 8 U.S.C. § 1226(a). As such, Petitioner is, at the very least, entitled under law to a bond hearing, and his continued detention without such a hearing violates the INA. Because the Court finds Petitioner's detention violates the INA based on its interpretation of the pertinent statutory text, it declines to reach Petitioner's APA argument.

Petitioner further argues that his detention violates his constitutional due process rights because it was imposed without notice, a hearing, and/or any individualized determination. The Government argues that Petitioner's detention is aligned with its profound interest to detain undocumented persons during removal proceedings and that Petitioner's detention has not yet reached an unreasonable duration. (ECF 4 at pp. 8-9) (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) for the proposition that detention less than six months is presumed constitutional).

To determine whether an immigrant detainee's substantive due process rights have been violated, "the Court must determine whether [the] detention is rationally connected to a legitimate government purpose and whether it is excessive in relation to that purpose." *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 42 (M.D. Pa. 2025) (citation modified). The Supreme Court has recognized presumptive limitations on the length of immigration detention in inapposite contexts. *See, e.g. Zadvydas*, 533 U.S. at 689 (announcing that, for detention authorized under 8 U.S.C. § 1231(a)(6), six months is a presumptively reasonable period of detention). Here, the Government's proffered justification for Petitioner's detention is unpersuasive. The record evidences Petitioner's years of compliance with immigration authorities and his continued efforts to secure lawful status in the United States. The Court strains to reason how his continued detention furthers the Government's interest of conducting removal proceedings because Petitioner's detention appears to bear no impact on the Government's ability to remove him. Accordingly, Petitioner's detention violates substantive due process.

As to the component of procedural due process, the Court applies the *Mathews v. Eldrige* balancing test. 424 U.S. 319, 335 (1976). The first *Mathews* factor, Petitioner's private interest, weighs heavily in his favor because his implicated interest is his liberty. The second factor, the risk of erroneous deprivation of such interest, also weighs in Petitioner's favor because the facts suggest that his liberty interest is being unjustifiably deprived. Nothing in the record suggests that Petitioner must be detained to ensure his compliance with immigration authorities. Finally, considering the Government's interest, the Court finds that the function and burden — if any exist — on the Government to provide Petitioner with due process do not come close to justifying the current intrusion on Petitioner's rights. On balance, considering the *Mathews* factors, this Court finds that the Government's failure to afford Petitioner with due process in effectuating his detention violates his procedural due process.

1. The Government's mandatory detention of Petitioner under 8 U.S.C. § 1225(b)(2) violates the Immigration and Nationality Act, ("INA"), and the Due Process Clause of the Fifth Amendment of the United States Constitution;

2. Because Petitioner is in custody in violation of the law and the Constitution of the United States, he is to be ***immediately*** released from the FDC;

3. The Government is further directed to return to Petitioner any and all funds, forms of identification, and property which may have been seized from him at the time of his arrest on May 7, 2026; and

4. The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on May 15, 2026.

The Clerk of Court shall mark this case **CLOSED**, upon receipt of the certification.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Considering the statutory and due process violations, Petitioner seeks his immediate release from custody. The Government posits that Petitioner's detention is lawful under the INA and constitutional, and provides no argument as to a remedy. A *habeas* court is empowered to "dispose of the matter as law and justice require." 28 U.S.C. §§ 2241(a), 2243. "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). Accordingly, for the reasons set forth, this Court finds that Petitioner's detention is a violation of the INA, as well as a violation of Petitioner's Constitutional due process rights. *See* 28 U.S.C. § 2241(c)(3). Consequently, this Court finds that law and justice require Petitioner's immediate release.